IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JACQULIN E. PROVOST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-6352-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning September 9, 2002, due to a broken back and effects of an instrumented posterior T3 and L2 fusion with placement of rods. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting the opinion of plaintiff's treating orthopedic surgeon and treating family physician; and (2) rejecting plaintiff's testimony.  Plaintiff also contends that the ALJ erred in relying on the opinion of non-examining doctors who found plaintiff's statement regarding her current condition credible but that it would not be unreasonable to *project* that plaintiff would have full sedentary capacity twelve months post-injury, despite the other non-examining orthopedic surgeon's opinion that plaintiff would frequently need to lie down. Tr. 400, 267.

The ALJ improperly discredited plaintiff's testimony and such testimony establishes disability.

Plaintiff testified to various limitations as a result of her impairment.  Notably, plaintiff testified that she needs to take rests as needed and to lie down about two hours per day.  Tr. 394.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test.  Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged.  In addition, there must be no evidence of malingering.  A

2 - ORDER

claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage. Plaintiff has produced evidence that post-fusion patients experience pain and spasms and frequently do have to lie down. See, e.g, Tr. 400-01.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if she makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset,

3 - ORDER

duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ determined that plaintiff gave inconsistent testimony regarding her daily activities because the ALJ found that plaintiff had stated to her doctors that she was responding well to treatment and was able to do most of her activities of daily living.  Tr. 11. While it is true that plaintiff reported improvement in her pain, she did not report a capacity for full-time work.  The record demonstrates that at no time did plaintiff report that she was pain free or that her pain had diminished to the point that she could work.  The record only shows reduced pain with medication and ability to engage in some exercise and activity, but there is no suggestion of an ability to engage in work activity full-time.  Plaintiff's statements to her doctors are not inconsistent with her claimed need to lie down as needed.

The ALJ's finding that plaintiff reported improvement in her pain, Tr. 11-12, similarly fails.  Moreover, the record shows that plaintiff also reported increasing pain or other symptoms consistent with allegations of good and bad days and increased pain with activity.  See, e.g., Tr. 297 (increased pain); Tr. 293 (weakness and aching in right leg); Tr. 290 (increasing back ache with physical therapy).

Plaintiff's treating doctors did not recommend a return to work

4 - ORDER

in response to the alleged statements the commissioner cites as indicative of an ability to work. <u>See, e.g.</u>, Tr. 335. Plaintiff's testimony establishes disability. <u>See</u> Tr. 405 (vocational expert opines that based on plaintiff's testimony, all work is precluded).

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing <u>Stone v. Heckler</u>, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. <u>McAllister v. Sullivan</u>, 880 F.2d 1086 (9th Cir. 1989).

Where the ALJ improperly rejects a claimant's symptom testimony, and that testimony establishes disability, that testimony is credited as a matter of law. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995). Accordingly, remand for further proceedings is unnecessary.

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.

DATED this ___25th___ day of ___September___, 2006.

_____   s/ Michael R. Hogan
                                  UNITED STATES DISTRICT JUDGE

    5 - ORDER